RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0555-ME

A.W.                                                                                    APPELLANT

v.          APPEAL FROM PULASKI CIRCUIT COURT
            HONORABLE MARCUS L. VANOVER, JUDGE
            ACTION NO. 23-AD-00061

R.R.G.W., A CHILD;
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; AND M.W.,
THE BIOLOGICAL FATHER                                          APPELLEES

AND

NO. 2024-CA-0561-ME

A.W.                                                                                    APPELLANT

v.          APPEAL FROM PULASKI CIRCUIT COURT
            HONORABLE MARCUS L. VANOVER, JUDGE
            ACTION NO. 23-AD-00062

R.R.E.W., A MINOR CHILD;
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND

FAMILY SERVICES; AND M.W.,
THE BIOLOGICAL FATHER                                                APPELLEES


AND


NO. 2024-CA-0562-ME


A.W.                                                                          APPELLANT


APPEAL FROM PULASKI CIRCUIT COURT
v.          HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 23-AD-00063


J.W.M.W., A MINOR CHILD;
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; AND M.W.,
THE BIOLOGICAL FATHER                                                APPELLEES


AND


NO. 2024-CA-0563-ME


A.W.                                                                          APPELLANT


APPEAL FROM PULASKI CIRCUIT COURT
v.          HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 23-AD-00064


R.C.A.W., A MINOR CHILD;
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND

FAMILY SERVICES; AND M.W.,
THE BIOLOGICAL FATHER                                    APPELLEES


<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE:  A.W. (Mother) appeals the Pulaski Circuit Court, Family

Division's termination of her parental rights to R.R.G.W., R.R.E.W., J.W.M.W.,

and R.C.A.W. (Children).  We affirm.

## BACKGROUND

The Cabinet for Health and Family Services (Cabinet) investigated

allegations of neglect in 2016 after one of the Children was observed entering a

roadway.  From that time, additional incidents raised concerns about not only the

Children's supervision and safety, but their living conditions.  The Children were

removed in 2021, and Mother was convicted of endangering the welfare of a

minor.  Mother stipulated to neglect in August of 2021.

The Cabinet filed its petition for termination of parental rights in

2023.  The family court conducted a hearing in March of 2024, and shortly

thereafter entered orders in the Children's respective cases terminating Mother's

parental rights.  This appeal followed.

## STANDARD OF REVIEW

KRS[1] 625.090 sets forth the grounds for involuntary termination of parental rights. A family court "has wide discretion in terminating parental rights." *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014). We undertake review pursuant to a "clearly erroneous standard which focuses on whether the family court's order of termination was based on clear and convincing evidence." *Id.* Reviewing for clear error, we are "obligated to give a great deal of deference to the family court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *Id.* Crucially, "Since the family court is in the best position to evaluate the testimony and to weigh the evidence, an appellate court should not substitute its own opinion for that of the family court." *B.C. v. B.T.*, 182 S.W.3d 213, 219 (Ky. App. 2005).

## ANALYSIS

Mother argues there was no substantial evidence to support the finding that termination of Mother's parental rights is in the Children's best interest. However, rather than challenge specific findings, Mother instead points to evidence that portrays her in a more positive light (without citation to the record), essentially inviting this Court to reevaluate testimony and reweigh evidence. Mother misunderstands our role in reviewing the decision of the family court.

---

[1] Kentucky Revised Statutes.

-4-

Taken together, the family court's findings indicate that, even years after removal, environmental concerns with respect to the Children's living conditions remain, Mother still struggles to supervise the children, and Mother has failed to demonstrate a commitment to improving. To the extent Mother even attempts to challenge the family court's findings, she mostly directs the court to her own testimony, which the family court itself did not find credible. For example, Mother contradicts the family court's findings by baldly claiming that she "completed parenting classes" and "was on a waitlist" for counseling at Wellspring. (Appellant's Br. 10.) The family court made explicit findings rejecting these claims, pointing to records from Wellspring. Mother fails to direct the Court to any evidence in the record supporting her claims, beyond her own, unverifiable testimony.

Similarly, Mother attempts to mitigate the family court's finding that she "continuously tested positive for THC throughout the case even up to the week before trial" by asserting the positive screen was a result of consuming "a product called Delta 8 she purchased from a convenience store." (*Id.* at 13.) Again, beyond her own testimony, Mother does not direct the Court to any evidence in the record indicating her positive drug screen was the result of legal consumption of THC, not even a receipt from the convenience store. She further asserts the Cabinet "had not indicated there was a problem for her drug screens to have THC."

(*Id.*)  However, a case plan introduced into the record by Mother (Defendant's Ex. 1), and signed by Mother on July 6, 2023, indicates Mother agreed "to demonstrate a pattern of sobriety."  Sobriety was explicitly contemplated as part of Mother's case plan, making the legality of her consumption of THC somewhat beside the point.  A recovering alcoholic's consumption of alcohol is legal, but nonetheless concerning, as it obviously does not demonstrate a pattern of sobriety.  Further, the Court's other findings support its best interest determination notwithstanding Mother's protestations.

Ultimately, Mother does not effectively challenge the family court's findings,[2] but instead insists she has progressed more than the family court believed.  But the family court was not oblivious to Mother's progress, even crediting her for obtaining stable employment.  The family court nonetheless concluded Mother's limited progress, years after the Children's removal, is insufficient.  We discern no error or abuse of discretion in the family court's decision to terminate Mother's parental rights.

---

[2] Mother's argument seems to reflect an errant belief factual findings are rendered infirm merely because there exists competing evidence.  However, we are prohibited from disturbing the findings of the family court "unless there exists no substantial evidence in the record to support its findings."  *M.L.C. v. Cabinet for Health and Family Services*, 411 S.W.3d 761, 765 (Ky. App. 2013).  An appellant must identify an *absence* of substantial evidence, not merely competing or contrary evidence.

## CONCLUSION

Based on the foregoing, the Pulaski Circuit Court, Family Division's August 10, 2024 termination of Mother's parental rights to R.R.G.W., R.R.E.W., J.W.M.W., and R.C.A.W. is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Alison Hunley
Somerset, Kentucky

BRIEF FOR APPELLEE CABINET FOR HEALTH AND FAMILY SERVICES:

Dilissa Milburn
Mayfield, Kentucky